EASTERN DIST.
May, 1839.

GOODING vs. ATLANTIC MARINE AND FIRE INSURANCE CO.

GOODING
vs.
ATLANTIC MA-
RINE AND FIRE
INSURANCE CO.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the judgment is based on the verdict of a jury, involving questions of fact merely, which appear to have been satisfactorily proved, it will not be disturbed. Informalities complained of, not sufficient to reverse the judgment, will not be noticed.

This is an action on a policy of insurance, in which the plaintiff claims eight thousand seven hundred and eight dollars, the value of certain goods insured by the defendants, on board the steamer Privateer, at and from New-Orleans, for Coates' Bluff, on Red River, with the privilege to re-ship in keel-boats from thence to Fort Towson.

The plaintiff alleges, that the goods were re-shipped in Red River, on board a keel-boat called the Mary Musgrove, and while pursuing on her voyage to Fort Towson, she struck a snag under water, and sunk, so that the goods were totally lost to the owner, by one of the perils insured against, to wit, the perils of the river. He further shows, that he has abandoned to the insurers as for a total loss, and made the necessary demand and preliminary proof, and the defendants refuse to pay the same. He prays judgment for the amount of his claim, with interest and costs.

The defendants pleaded a general denial, and set up various objections in the answer to the demand of the plaintiff. They averred, the keel-boat was not in good condition and sea-worthy, and not sufficiently manned for the voyage she undertook; that the plaintiff did not accompany the goods, and labor, travel, and work in the safe-keeping of the goods as he was bound to do, in case of loss; that the goods were wasted, distributed and disposed of in a negligent and unlawful manner by the plaintiff's agent, &c.; that the preliminary proofs were never furnished of said loss, and that there was no proper abandonment of the goods to the defendants, &c.

The testimony introduced in the case was voluminous and full, in support of the plaintiff's loss by the dangers of the

river. It was fully shown that the keel-boat was in good trim, and highly recommended as suitable for the voyage by intelligent and disinterested persons. The loss was almost entire. A few of the goods were taken out of the wreck and river, in a very damaged state, and sold ; the loss and claim of the plaintiff was duly notified to the defendants. The policy on which the action is brought, is in the usual form of marine or river insurances.

EASTERN DIST.
May, 1839.

GOODING
vs.
ATLANTIC MA-
RINE AND FIRE
INSURANCE CO.

The judge presiding charged the jury, and a verdict was returned for the plaintiff.

The defendants' counsel took a bill of exception to the refusal of the judge to instruct the jury, that from the evidence the abandonment was not made in due form and in proper time ; that from the evidence, the plaintiff had been guilty of gross negligence, &c. and that under all the circumstances, the action could not be maintained, &c.

The court was satisfied with the verdict and gave judgment confirming it. The defendants appealed.

*Benjamin*, for the plaintiff.

*Grymes*, for the appellants.

*Eustis, J.*, delivered the opinion of the court.

This is an action on a policy of insurance, for a total loss. The voyage was from New-Orleans to Coates' Bluff, on Red River, with the privilege of re-shipping in keel or steamboats to Fort Towson. There was various matters of defence set up in the answer of the defendants, none of which appear to have been established. The bill of exception to the refusal of the judge to charge the jury as requested by the defendants' counsel, and to non-suit the plaintiff, contain nothing upon which we can reverse the judgment of the court below. The verdict of a jury was in favor of the plaintiff, and as the questions involved in the case are those of fact, and appear to us to have been satisfactorily proved the judgment of the court below is affirmed with costs in both courts.